Sung Soo Jun
12657 Cheshire Street
Norwalk, CA 90650
Tel: (562) 665-7979

Defendant *In Pro Per*

FILED
CLERK, U.S. DISTRICT COURT
11/28/25
CENTRAL DISTRICT OF CALIFORNIA
BY  MRV  DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KOREA DEPOSIT INSURANCE CORPORATION, a Korean corporation, as Trustee for the Bankrupt Parangsae Savings Bank Co., Ltd.,<br><br>Plaintiff,<br><br>v.<br><br>SUNG SOO JUN, an individual also knows as SOO SUNG JUN, also known as SUNG S JUN., and KAREN S. JUN, an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:25-cv-08612-SB-SSC<br>Hon. Stanley Blumenfeld, Jr.<br><br>**ANSWER OF DEFENDANT SUNG SOO JUN TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: September 11, 2025 |

Defendant SUNG SOO JUN, ("Defendant") for himself alone hereby answers the Complaint of Plaintiff KOREA DEPOSIT INSURANCE CORPORATION ("Plaintiff"), by like numbered paragraphs, admits, denies, and alleges as follows:

**GENERAL ALLEGATIONS**

1. Defendant admits that Paragraph 1 of the Complaint alleges that the Plaintiff is bringing this action for the reasons set forth within this paragraph but denies

that Plaintiff is entitled to any relief requested therein, or any other relief of any nature or amount whatsoever against the Defendant.

2.    Defendant admits that Paragraph 2 of the Complaint alleges that the Plaintiff is bringing this action for the reasons set forth within this paragraph but denies that Plaintiff is entitled to any relief requested therein, or any other relief of any nature or amount whatsoever against the Defendant.

3.    Defendant admits the allegation in Paragraph 3 of the Complaint that Defendant transferred a piece of real estate in Norwalk, California to his wife, Defendant Karen S. Jun ("Karen") but denies that it was an attempt to place the real estate out of Plaintiff's reach and that Plaintiff is entitled to any relief requested therein, or any other relief of any nature or amount whatsoever against the Defendant.

4.    Defendant has no information or belief to answer Paragraph 4 of the Complaint, and therefore generally and specifically denies each and every allegation in this paragraph. Defendant further denies that Plaintiff is entitled to the relief requested therein, or any other relief of any nature or amount whatsoever against the Defendant.

5.    Defendant admits the allegations of Paragraph 5.

6.    Defendant admits the allegations of Paragraph 6.

7.    Defendant admits the allegations of Paragraph 7.

8.    Defendant admits that Paragraph 8 of the Complaint alleges that the Plaintiff is bringing this action for the reasons set forth within this paragraph but denies that Plaintiff is entitled to any relief requested therein, or any other relief of any nature or amount whatsoever against the Defendant.

9.    Defendant admits the allegations of Paragraph 9.

10.    Defendant admits that Paragraph 10 of the Complaint alleges that the Plaintiff is bringing this action for the reasons set forth within this paragraph but denies that Plaintiff is entitled to any relief requested therein, or any other relief of any nature or amount whatsoever against the Defendant.

11. Defendant has no information or belief to answer Paragraph 11 of the Complaint, and therefore generally and specifically denies each and every allegation in this paragraph. Defendant further denies that Plaintiff is entitled to the relief requested therein, or any other relief of any nature or amount whatsoever against the Defendant.

12. Defendant has no information or belief to answer Paragraph 11 of the Complaint, and therefore generally and specifically denies each and every allegation in this paragraph. Defendant further denies that Plaintiff is entitled to the relief requested therein, or any other relief of any nature or amount whatsoever against the Defendant.

13. Defendant admits the allegations of Paragraph 13.

14. Defendant has no information or belief to answer Paragraph 14 of the Complaint, and therefore generally and specifically denies each and every allegation in this paragraph. Defendant further denies that Plaintiff is entitled to the relief requested therein, or any other relief of any nature or amount whatsoever against the Defendant.

15. Defendant admits the allegations of Paragraph 15 of the Complaint that Defendant transferred the Norwalk Property to Defendant Karen S. Jun but denies that he received no money or reasonable consideration or equivalent value in return and further denies that Plaintiff is entitled to any relief requested therein, or any other relief of any nature or amount whatsoever against the Defendant.

16. Defendant admits the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

## FIRST CAUSE OF ACTION

**Voidable Transfer under the California Uniform Voidable Transactions Act**

**(Against All Defendants)**

18. Defendant admits that Paragraph 18 of the Complaint alleges that the Plaintiff is bringing this action for the reasons set forth within this paragraph but denies

that Plaintiff is entitled to any relief requested therein, or any other relief of any nature or amount whatsoever against the Defendant.

19. Defendant admits the allegations of Paragraph 19.

20. Defendant admits the allegations of Paragraph 20 of the Complaint that Defendant transferred the Norwalk Property to Defendant Karen S. Jun but denies that he transferred with actual intent to hinder, delay or defraud Plaintiff and further denies that Plaintiff is entitled to any relief requested therein, or any other relief of any nature or amount whatsoever against the Defendant.

21. Defendant admits the allegations of Paragraph 21 of the Complaint that Defendant transferred the Norwalk Property to Karen S. Jun but denies that he received no money, reasonable consideration or equivalent value in return and further denies that Plaintiff is entitled to any relief requested therein, or any other relief of any nature or amount whatsoever against the Defendant.

22. Defendant denies the allegations of Paragraph 22.

## SECOND CAUSE OF ACTION

### Common Law Fraudulent Conveyance

### (Against All Defendants)

23. Defendant admits that Paragraph 23 of the Complaint alleges that the Plaintiff is bringing this action for the reasons set forth within this paragraph but denies that Plaintiff is entitled to any relief requested therein, or any other relief of any nature or amount whatsoever against the Defendant.

24. Defendant admits the allegations of Paragraph 24.

25. Defendant admits the allegations of Paragraph 25 of the Complaint that Defendant transferred the Norwalk Property to Karen but denies that he transferred with actual intent to hinder, delay or defraud Plaintiff and further denies that Plaintiff is entitled to any relief requested therein, or any other relief of any nature or amount whatsoever against the Defendant.

26. Defendant admits the allegations of Paragraph 26 of the Complaint that Defendant transferred the Norwalk Property to Karen but denies that he received no money, consideration or equivalent value in return and further denies that Plaintiff is entitled to any relief requested therein, or any other relief of any nature or amount whatsoever against the Defendant.

27. Defendant denies the allegations of Paragraph 27.

## AFFIRMATIVE DEFENSES

AS SEPARATE AFFIRMATIVE DEFENSES to each and every cause of action of the Complaint, Defendant is informed and believes, and on such information and belief alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State Causes of Action)**

As a first, separate affirmative defense to the entire Complaint, Defendant alleges that neither the Complaint on file in this action, nor any of causes of action alleged in the Complaint, state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE
**(Debtor's Lack of Intention)**

As a second, separate affirmative defense to the entire Complaint, Defendant alleges that he at no time knowingly or intentionally misrepresented or defrauded any creditor or party in interest. Defendant acted in good faith at all times.

### THIRD AFFIRMATIVE DEFENSE
**(Lack of Standing)**

As a third, separate affirmative defense to the entire Complaint, Plaintiff's Complaint fails to evidence whether the purported Assignor has knowledge of this action or whether, Parangsae Savings Bank Co., Ltd. is the Assignor and whether Parangsae Savings Bank Co., Ltd. has conveyed all rights and control to Plaintiff. The record does not disclose this information and it cannot be assumed without creating an

unfair prejudice against Defendant. True persons or entities bringing this action in the name of "Korean Deposit Insurance Corporation" have no standing and Defendant claims that Plaintiff is not the owner of the alleged debt.

## FOURTH AFFIRMATIVE DEFENSE
### (*California Civil Code* §1700)

As a fourth, separate affirmative defense, based on information and belief, Defendant alleges that the underlying written contract upon which the purported debt was based was destroyed and/or altered by Plaintiff and/or its predecessors or assignors without the permission or consent of the Defendant, and this destruction and/or alteration relieves Defendant from any liability under such contract as provided under *California Civil Code* § 1700. Furthermore, by carrying out said destruction and/or alteration of the underlying written contract, Plaintiff and/or its predecessors or assignors waived its or their rights to recover or obtain damages, remedies or the relief requested in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

As a fifth, separate affirmative defense, based on information and belief, Defendant alleges that Plaintiff is bound to exercise reasonable care and diligence to avoid loss and to minimize the damages suffered, and that Plaintiff may not recover for losses that their reasonable efforts could have prevented or by expenditures that it might have reasonably made; and that Plaintiff failed and is failing to mitigate its damages, if there were any damages at all.

## SIXTH AFFIRMATIVE DEFENSE
### (Doctrine of Laches)

As a sixth, separate affirmative defense to the entire Complaint, Defendant invokes the Doctrine of Laches by virtue of Plaintiff, or the person or entity that assigned the claim to Plaintiff, having unduly delayed in prosecuting the instant lawsuit, which resulted in prejudice against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Damages)

As a seventh, separate affirmative defense to the entire Complaint, Plaintiff's Complaint and each and every cause of action therein is barred because Plaintiff did not suffer actual damages as a result of the acts and omissions alleged in the Complaint as to Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

As an eighth, separate affirmative defense to the entire Complaint, Defendant therefore reserves the right to assert additional defenses should it become desirable or necessary to do so to conform to proof. Defendant asserts a claim of lack of subject matter jurisdiction where the court has the power over a cause of action or to act in a particular way. Plaintiff is in absence of authority over the subject matter and the entire absence of power to hear or determine a case.

## NINTH AFFIRMATIVE DEFENSE

### (Priority Jurisdiction)

As a ninth, separate affirmative defense to the entire Complaint, Defendant asserts Plaintiff is beyond the jurisdictional authority of any other superior court department to interfere with a ruling made by a department that first acquired jurisdiction over the matter, until judgment in that matter has become final.

## TENTH AFFIRMATIVE DEFENSE

### (Defective Service of Process-Hague Convention)

As a tenth, separate affirmative defense to the entire Complaint, Defendant asserts that lack of proper Service of Process of the underlying state court action on Defendant by Plaintiff violated the Hague Convention requirements rendering service of process null and void. The Court has no jurisdiction over Defendant based on defective Service of Process.

ANSWER OF DEFENDANT SUNG SOO JUN TO PLAINTIFF'S COMPLAINT

## **NOTICE OF INTENT TO RELY ON ADDITIONAL DEFENSES**

Defendant hereby gives notice that he intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of, the discovery or other proceedings in this action and hereby reserves his right to amend this Answer to assert such defenses, including defenses listed for which evidentiary support later becomes available.

WHEREFORE Defendant SUNG SOO JUN prays as follows:

1. That Plaintiff take nothing by its Complaint;
2. That Plaintiff's Complaint be dismissed in its entirety and with prejudice;
3. For costs of suit incurred herein, including attorneys' fees; and
4. For such other and further relief as the Court deems just and proper.

Dated: November 28, 2025          By: *Sung Soo Jun*
                                      SUNG SOO JUN
                                      *Defendant In Pro Per*

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 505 N. Euclid St., Suite 560, Anaheim, CA 92801.

On November 28, 2025, INovember 26, 2025 served the foregoing document(s) described as:

**ANSWER OF DEFENDANT SUNG SOO JUN TO PLAINTIFF'S COMPLAINT**

on the interested parties in this action as stated below:

KIBLER FOWLER & CAVE LLP
Michael D. Kibler
mkibler@kfc.law
Sarah Malik
smalik@kfc.law
11100 Santa Monica Blvd., Suite 500
Los Angeles, California 90025
Telephone: (310) 409-0400
Facsimile: (310) 409-0401

*Attorneys for Plaintiff*
*Korea Deposit Insurance Corporation*

[X] (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 28, 2025, at Anaheim, California.

|  |  |
|---|---|
| Eunice Paek | *Eunice Paek* |
| (Type or print name) | (Signature) |